

FILED
SEP 03 2015

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| UNITED STATES OF AMERICA, | 1:98-CR-10034-CBK |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| DAVID EARL ANTELOPE, | |
| Defendant. | |

Defendant pleaded guilty to aggravated sexual abuse and was sentenced on July 1, 1999, to 262 months custody. He appealed and the United States Court of Appeals for the Eighth Circuit affirmed his conviction and sentence. United States v. Antelope, 221 F.3d 1344 (8th Cir. 2000) (unpublished). He filed a motion for release from segregation. The motion was denied. He filed motions for a transcript of his change of plea proceeding. Those motions were denied and the defendant was advised that, absent the filing of a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, this Court has no jurisdiction to entertain defendant's motions.

Defendant filed a motion for modification of sentence. The motion was denied and a certificate of appealability was denied. Defendant appealed and the Eighth Circuit declined to issue a certificate of appealability.

Defendant filed a motion for resentencing. The motion was denied. Defendant filed a request for reconsideration. The request was denied.

Defendant has now filed a request for clarification, contending this Court lacked subject matter jurisdiction. Defendant claims that, absent an affidavit of an injured party or a copy of a final agency decision, this court lacked subject matter jurisdiction and his conviction is void. Such contention is frivolous.

Where a statute specifically addresses the particular issue at hand, it is that authority which provides a basis for relief. *See* Carlisle v. United States, 517 U.S. 416, 429, 116 S.Ct. 1460, 1467, 134 L.Ed.2d 613 (1996). The appropriate means to challenge federal court convictions and sentences is 28 U.S.C. § 2255, *see* United States v. Noske, 235 F.3d 405, 406 (8th Cir. 2000). Defendant's continued attempts to attack his conviction or the length of the sentence imposed cannot be entertained. Defendant's conviction and sentence are final. The only means of attacking his conviction or sentence is to file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Now, therefore,

IT IS ORDERED that the request for clarification, Doc. 101, is denied.

DATED this 3rd day of September, 2015.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge